

**Signed: December 19, 2008**

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 08-43015 TG
                                         Chapter 13
JOHNNY F. ROBLES, KARINA V.
ROBLES,

        Debtors.
_____/

**MEMORANDUM RE THIRD AMENDED CHAPTER 13 PLAN**

    The Court has reviewed the Third Amended Chapter 13 Plan filed by the above-captioned debtors on December 13, 2008 and apparently not yet noticed for hearing. A hearing on the plan has tentatively been scheduled for February 18, 2009. It would be premature to make any ruling with respect to the plan at this time. However, the Court wishes to let the debtors and other interested parties know of its thoughts after reviewing the plan.

    With respect to the provisions of 7.1, describing the proposed treatment of Saxon Mortgage, the Court would require the debtors to file an adversary proceeding to litigate the claims asserted. Moreover, the Court is unlikely to confirm the plan, permitting the debtors to alter the post-petition payment amount and interest rate

and directing the trustee not to pay the pre-petition arrearages, simply because the debtors have filed an adversary proceeding asserting such claims. The Court is likely to require a showing in the adversary proceeding sufficient to sustain a preliminary injunction enjoining foreclosure: i.e., that the debtors are more likely than not to prevail on the claims asserted.

With respect to the provisions of paragraph 7.2, describing the proposed treatment of American General, in accordance with <u>Espinosa v. United Student Aid Funds</u>, 2008 WL 5158728 (9th Cir.), the debtors may propose to strip off this second deed of trust on the ground that it is fully unsecured by including this provision in their plan unless American General objects to this procedure and requests that the relief be sought by adversary proceeding. However, to preserve this option, the plan must be served on American General in the same manner as an adversary proceeding or contested matter: i.e., by directing the mailed document to the attention of an officer, director, or managing agent for American General.

If American General does not file an objection, the debtors must file a declaration under penalty of perjury executed by someone competent to testify as to the value of the real property, supporting their contention that the second deed of trust is fully unsecured. If American General files an objection and disputes this contention, an evidentiary hearing would probably be required. Until this issue has been resolved, the plan could probably not be confirmed.

END OF DOCUMENT

```
 1                          COURT SERVICE LIST
 2   Marc A. Fisher
 3   Law Offices of Marc A. Fisher
     1070 Marina Village Pk. #206
 4   Alameda, CA 94501

 5   Martha G. Bronitsky
     P.O. Box 5004
 6   Hayward, CA 94540-5004
```